**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO:

ROBERTO ST. JEAN,

    Plaintiff,

v.

OLIVIER PROTECTION SERVICES, LLC,
a Florida Limited Liability Company, and
OLIVIER PROTECTION SERVICES INVESTIGATIONS,
LLC, a Florida Limited Liability Company,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ROBERTO ST. JEAN ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, OLIVIER PROTECTION SERVICES, LLC ("OLIVIER PROTECTION") and OLIVIER PROTECTION SERVICES INVESTIGATIONS, LLC, ("OLIVIER INVESTIGATIONS"), (OLIVIER PROTECTION and OLIVIER INVESTIGATIONS collectively referred to as "Defendants"), and alleges the following:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime wages during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during the course of his employment period.

**PARTIES**

2. During all times material hereto, Plaintiff was a Florida resident, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, OLIVIER PROTECTION, was a Florida limited liability company located and transacting business within Fort Lauderdale, Florida, within the jurisdiction of this Honorable Court.  OLIVIER PROTECTION is headquartered and operates its principal location at 4081 N. Federal Highway., Suite 250, Pompano Beach, Florida 33064.

4. Defendant, OLIVIER PROTECTION, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent hereto

5. During all times material hereto, Defendant, OLIVIER INVESTIGATIONS, was a Florida limited liability company located and transacting business within Fort Lauderdale, Florida, within the jurisdiction of this Honorable Court. OLIVIER INVESTIGATIONS has the same exact headquarters and principal address as OLIVIER PROTECTION within Fort Lauderdale, Florida, at  4081 N. Federal Highway., Suite 250, Pompano Beach, Florida 33064.

6. During all times material hereto, Defendant, OLIVIER INVESTIGATIONS was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

7. Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS, were Plaintiff's joint employers, as that term is defined by the FLSA and pertinent regulations.

## JURISDICTION AND VENUE

8. The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

9. Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS are headquartered and regularly transact business in Broward County, Florida. Thus, jurisdiction is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, OLIVIER PROTECTION, is a protection services company which offers professional security and protection to individual clients and businesses. https://olivierprotectionservices.com/ (last visited October 12, 2021).

12. Defendant, OLIVIER PROTECTION, also offers investigation services. https://olivierprotectionservices.com/services/ (last visited October 12, 2021). Below is a comprehensive list of the services OLIVIER PROTECTION purports to provide.



13. Defendant, OLIVIER INVESTIGATIONS, also provides security and investigation services to its client.

## FLSA COVERAGE

14. Defendant, OLIVIER PROTECTION, is covered under the FLSA through enterprise coverage, as OLIVIER PROTECTION was engaged in interstate commerce during

Plaintiff's employment period. More specifically, OLIVIER PROTECTION'S business and Plaintiff's work for OLIVIER PROTECTION affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, OLIVIER PROTECTION, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

15. During his employment with Defendant, OLIVIER PROTECTION, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, computer keyboards, hand sanitizer, chairs, pens, paper, pencils, folders, calendars, envelopes, stamps, printers, flashlights, hand cuffs, knives, guns, pepper spray, sun glasses, night vision goggles, digital cameras, bullet proof vests, boots, batons, notepads, radios, belts, security badges, holsters, restraints, patrol cars, etc.

16. Defendant, OLIVIER PROTECTION, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, OLIVIER PROTECTION an enterprise covered by the FLSA.

17. Defendant, OLIVIER PROTECTION, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

18. Defendant, OLIVIER INVESTIGATIONS, is also covered under the FLSA through enterprise coverage, as OLIVIER INVESTIGATIONS was engaged in interstate commerce during Plaintiff's employment period. More specifically, OLIVIER

INVESTIGATIONS' business and Plaintiff's work for OLIVIER INVESTIGATIONS affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, OLIVIER INVESTIGATIONS, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A)*.

19. During his employment with Defendant, OLIVIER INVESTIGATIONS, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, computer keyboards, hand sanitizer, chairs, pens, paper, pencils, folders, calendars, envelopes, stamps, printers, flashlights, hand cuffs, knives, guns, pepper spray, sun glasses, night vision goggles, digital cameras, bullet proof vests, boots, batons, notepads, radios, belts, security badges, holsters, restraints, patrol cars, etc.

20. Defendant, OLIVIER INVESTIGATIONS, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, OLIVIER INVESTIGATIONS an enterprise covered by the FLSA.

21. Upon information and belief, Defendant, OLIVIER INVESTIGATIONS, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

22. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS, within the meaning of the FLSA.

**JOINT ENTERPRISE COVERAGE**

23. During all times material hereto, Defendants OLIVIER PROTECTION and OLIVIER INVESTIGATIONS performed substantially related activities, as both corporate entities focused on providing security services and investigations for their clients.

24. Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS used central management and/or common control to effectuate the business needs of both entities.

25. Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS have common ownership and the same headquarters and owners. Moreover. OLIVIER INVESTIGATIONS is a member/partial owner of OLIVIER PROTECTION. In addition, Marc S. Olivier is an owner of Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS.

26. Moreover, during all times material hereto, Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS, were engaged in offering substantially the same or similar services to their clients, customers and employees.

27. Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS also shared a common business purpose during all times material hereto.

28. During all times material hereto, Defendant, OLIVIER PROTECTION used OLIVIER INVESTIGATIONS's assistance in its operations and vice-versa.

29. During times material hereto, supervisors for OLIVIER INVESTIGATIONS managed and supervised OLIVIER PROTECTION employees, including Plaintiff, and vice-versa.

30. Upon information and belief, the gross revenue of Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS, was collectively in excess of $500,000.00 in 2018, 2019, 2020 and are expected to collectively gross in excess of $500,000.00 in 2021.

31.     Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS intermingle resources, finances, employees and supplies to provide services and resources to their clients and employees.

32.     During all time periods hereto, Defendants, OLIVIER PROTECTION and OLIVIER INVESTIGATIONS, maintained control over the day-to-day operations of OLIVIER PROTECTION and OLIVIER INVESTIGATIONS, including the payroll, human resources, hiring, firing, and scheduling of duties.

### PLAINTIFF'S WORK FOR DEFENDANTS

33.     Plaintiff worked for Defendants as a security guard from in or around August 2021 until on or about September 27, 2021.

34.     At all times material hereto, Plaintiff was a non-exempt, hourly employee, and was paid $11 per hour working for Defendants.

35.     During all times material hereto, Plaintiff worked approximately forty-five (45) hours per week.

36.     In one or more workweeks, Defendants failed to compensate Plaintiff time-and-one-half his regular hourly rate when Plaintiff worked in excess of forty (40) hours in a workweek.

37.     Defendants were on express or constructive notice of all work performed by Plaintiff during his employment period.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
### (Against All Defendants)

38.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 37 as though set forth fully herein.

39.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

40. Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half his regular hourly rate as required by the FLSA some hours worked in excess of forty (40) in one or more workweeks.

41. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew (or should have known) of the overtime requirements of the FLSA but failed to comply with same.

42. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

43. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

44. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ROBERTO ST. JEAN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, OLIVIER PROTECTION SERVICES, LLC, and OLIVIER PROTECTION SERVICES INVESTIGATION, LLC, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants, jointly and severally; (b) liquidated damages to be paid by the Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ROBERTO ST. JEAN, requests and demands a trial by jury on all appropriate claims.

**Dated this 13th day of October 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE. 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 13, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: